IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMI C. WILSON                                                                              PLAINTIFF

                v.                      Civil No. 09-2157

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tami Wilson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The plaintiff filed her applications for DIB and SSI on October 23, 2007, alleging an onset date of September 29, 2007, due to acute bronchitis, asthma, chronic obstructive pulmonary disease ("COPD"), high blood pressure, and angina.  Tr. 95-105, 124, 313-132, 157. Her applications were initially denied and that denial was upheld upon reconsideration.  Tr. 33-36, 49-54, 61-64.  Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ).  An administrative hearing was held on January 22, 2009.  Tr. 6-32, 59-60.  Plaintiff was present and represented by counsel.

At this time, plaintiff was 46 years of age and possessed a twelfth grad education. Tr. 23-26. She had past relevant work ("PRW") experience as a housekeeper, laundry worker, and cone line worker. Tr. 23-26, 142-149.

On June 18, 2009, the ALJ found that plaintiff's asthma, COPD, coronary artery disease, high blood pressure, and obesity were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 42-43. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to perform sedentary work that does not involve more than occasional stair and ramp climbing, balancing, stooping, kneeling, crouching, or crawling. Tr. 43-46. Plaintiff was also prohibited from climbing ropes, ladders, or scaffolds and being exposed to concentrated level of fumes, odors, dust, gases, and poor ventilation. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as touch-up screener, call out operator, and charge account clerk. Tr. 46-47.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 10, 2009. (Tr. 1-3). Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 11, 13.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

2

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his/her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his/her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his/her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's failure to consider Plaintiff's diagnosis of congestive heart failure in combination with her chronic obstructive pulmonary disease ("COPD"), angina, and obesity. The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects. *Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir. 1991) (citing *Johnson v. Secretary of Health & Human Servs.*, 872 F.2d 810, 812 (8th Cir. 1989)). The Social Security Act requires the Commissioner to consider all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *Cunningham v. Apfel*, 222 F.3d 496, 501 (8th Cir. 2000); *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994) (where ALJ found that claimant did not have impairment or combination equaling listing-level impairment and referred to evidence as a whole, ALJ properly considered combined effect of impairments).

Heart failure, also called congestive heart failure, is a condition in which the heart can no longer pump enough blood to the rest of the body. *See* Heart Failure, *at* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001211 (Feb. 2, 2011). As the heart's pumping action is lost, blood typically backs up into other areas of the body, causing fluid to build up in the lungs, the liver, the gastrointestinal tract, and the arms and legs. *Id*. As a result,

there is a lack of oxygen and nutrition to organs, which can damage them and reduce their ability to function properly. *Id*. Symptoms of congestive heart failure include shortness of breath with activity or after lying down for a while, cough, swelling of feet and ankles, swelling of the abdomen, weight gain, irregular or rapid pulse, and heart palpitations. *Id*.

Records dated prior to Plaintiff's alleged onset reveal a history of treatment for chest pain, COPD, bronchitis, asthma, shortness of breath, morbid obesity, edema, arthritis, arthralgias, plantar fasciitis, and abscesses. Tr. 195-214, 294-295, 379-421, 490-504, 552-601, 627-660. Pulmonary function tests demonstrated a mild restrictive impairment. Tr. 203-206, 271-280. Plaintiff was prescribed Albuterol and Singular with some relief. In August 2007, Dr. Donna Shipley noted Plaintiff's COPD and indicated that this made it highly probable that she was also suffering from pulmonary hypertension. She indicated that Plaintiff would likely benefit from Procardia at some point. Tr. 197. Weight loss counseling was also provided, due to Plaintiff's obesity. Tr. 200.

Records dated during the relevant time period reveal that Plaintiff was consistently treated for COPD, asthma, shortness of breath, chest pain, and edema. Tr. 184-186, 215-270, 332-349, 365, 446-463, 483-489, 754. She was prescribed a variety of medications to treat these impairments.

On January 18, 2008, Plaintiff was treated for congestive heart failure, hyperlipidemia, COPD/asthma, hypertension, and shortness of breath. Tr. 350-354. Plaintiff was also experiencing chest pain, joint pain and stiffness, coughing, wheezing, sputum production, fatigue, and edema. She stated that she experienced difficulties performing daily activities and could not walk without getting short of breath. An examination revealed no intercostal

5

retractions or use of accessory muscles and no rales, rhonchi, or wheezes. Some crepitus was noted in both knees, flexion was limited in her right knee secondary to pain, and Plaintiff was unable to flex or extend her left knee. A small amount of knee effusion was also noted. Plaintiff reported difficulty obtaining her medications, so samples of Advair were given, and other medications were changed to the "four dollar plan when available." The doctor noted that Plaintiff would benefit from cardiac rehabilitation, but was unable to afford it. She would also benefit from injections into her left knee, but again, could not afford this. Therefore, she was prescribed Lortab, Nitrostat, Aldactone, Lisinopril, Pravastatin Sodium, Metoprolol Tartrate, and Proventil. Tr. 350-354.

On September 6, 2008, Plaintiff was again treated for dyspnea, edema, and lower leg pain. Tr. 464-479. Aside from some edema, an examination was normal. A chest x-ray revealed suspected interstitial pulmonary edema. Plaintiff was prescribed Furosemide, Potassium Chloride, and Hydrocodone. Tr. 464-479.

On October 23, 2008, Plaintiff's COPD was stable, but had not really improved. Tr. 675. She had recently been treated in the ER due to edema in her legs. The ER doctor had prescribed Lasix and Plaintiff reported some improvement in her breathing symptoms. She was advised to continue her current treatment regimen and Lasix was added on a more regular basis. Tr. 675.

On November 4, 2008, Plaintiff was treated in the ER for a cough and fluid retention. Tr. 721-753. She stated that the Good Samaritan Clinic had advised her to present in the ER. A chest x-ray could not exclude early changes of congestive heart failure with pulmonary vascular congestion and mild perihiliar interstitial pulmonary edema versus vascular crowding

at low lung volume. Plaintiff was diagnosed with bronchitis with wheezing and congestive heart failure. She was prescribed Prednisone and Lasix. Tr. 721-753.

While the ALJ did note that testing could not rule out congestive heart failure, he failed to take this diagnosis into consideration when considering Plaintiff's impairments and RFC assessment. We note that both COPD and congestive heart failure have many of the same symptoms. As a general principle, both impairments are also severe, life long and can be life threatening. We also note that obesity can exacerbate both COPD and congestive heart failure. It is not, however, clear from the record what the relationship is between Plaintiff's congestive heart failure, COPD, and obesity. Accordingly, we believe that remand is necessary to allow the ALJ to develop the record further concerning the severity of Plaintiff's condition and any resulting limitations. *See Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)("Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case.").

### IV.   Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE